Filed 6/22/21  P. v. Cardenas CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DAVID CARDENAS, <br><br> Defendant and Appellant. | F079697 <br><br> (Super. Ct. No. DF014073A) <br><br><br> **OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  David Wolf, Judge.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Poochigian, J. and Snauffer, J.

## INTRODUCTION

In 2016, the voters adopted Proposition 64, which (with certain limitations) legalized possession of "not more than 28.5 grams of cannabis" by persons 21 years of age or older. (Health & Saf. Code, § 11362.1, subd. (a)(1);[1] *People v. Perry* (2019) 32 Cal.App.5th 885, 888 (*Perry*).)

In 2019, appellant David Cardenas pleaded no contest[2] to felony possession of marijuana in a prison in violation of Penal Code section 4573.6, subdivision (a).[3] At the sentencing hearing, appellant petitioned to dismiss this charge or reduce it to a misdemeanor, contending the offense had been decriminalized because he had possessed less than 28.5 grams of marijuana. The trial court recognized that California Courts of Appeal have split on the issue. (Compare *Perry*, *supra,* 32 Cal.App.5th 885 [Proposition 64 did not decriminalize possession of cannabis in prison] with *People v. Raybon* (2019) 36 Cal.App.5th 111 (*Raybon*) [Proposition 64 decriminalized possession of less than 28.5 grams of marijuana in prison], review granted Aug. 21, 2019, S256978.)[4] The trial court agreed with *Perry* and denied appellant's motion. Appellant received a stipulated prison sentence of six years.

---

[1]     All future statutory references are to the Health and Safety Code unless otherwise noted.

[2]     In court, appellant orally pleaded "guilty" to this charge. The court's minute order, however, shows that a plea of "nolo contendere" was entered. The written change of plea form indicates appellant pleaded no contest.

[3]     The amount of the possessed marijuana was not established below. At the change of plea hearing, the parties stipulated a factual basis existed for the plea. According to the criminal complaint, appellant possessed marijuana while incarcerated.

[4]     In granting review of *Raybon*, the Supreme Court stated it would decide the following issue: "Did Proposition 64 [the 'Adult Use of Marijuana Act'] decriminalize the possession of up to 28.5 grams of marijuana by adults 21 years of age or older who are in state prison as well as those not in prison?"

In the present appeal, appellant contends the trial court erred. We disagree and affirm.

## DISCUSSION

Appellant relies on *Raybon*, *supra*, 36 Cal.App.5th at page 113, review granted, for the proposition that Proposition 64 modified Penal Code section 4573.6 such that possession of less than 28.5 grams of marijuana in prison is no longer criminal. The People contend we should instead accept the reasoning of *Perry*, *supra*, 32 Cal.App.5th at page 887, for the proposition that Penal Code section 4573.6 was unaffected by Proposition 64. We find *Perry* more persuasive.

Penal Code section 4573.6 provides in relevant part: "Any person who knowingly has in his or her possession in any state prison … any controlled substances, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code, … without being authorized to so possess the same by the rules of the Department of Corrections, rules of the prison … or by the specific authorization of the warden … is guilty of a felony punishable by imprisonment pursuant to subdivision (h) of [Penal Code] [s]ection 1170 for two, three, or four years." (Pen. Code, § 4573.6, subd. (a).)

As *Perry* and *Raybon* both note, Proposition 64 added section 11362.1, which "affirmatively legalized" possession of less than 28.5 grams of marijuana by a person age 21 or older, except in certain circumstances. (*Perry*, *supra*, 32 Cal.App.5th at pp. 889–890; accord, *Raybon*, *supra*, 36 Cal.App.5th at p. 114, review granted.) That decriminalization was designed to also apply to those already serving sentences for offenses decriminalized by Proposition 64. To that end, Proposition 64 added section 11361.8, which created a mechanism for those serving a sentence to petition for recall or dismissal of the sentence.

As we have noted, Proposition 64 did not decriminalize marijuana use and possession in all circumstances. Relevant here, Proposition 64 added section 11362.45,

3.

which limits the application of section 11362.1 in prisons: "Section 11362.1 does not amend, repeal, affect, restrict, or preempt: [¶] … [¶] … [l]aws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation .…" (§ 11362.45, subd. (d).)  After much discussion, the *Perry* court found that, "[w]hile section 11362.45, subdivision (d), does not expressly refer to 'possession,' its application to possession is implied by its broad wording—'[l]aws *pertaining to* smoking or ingesting cannabis.' " (*Perry*, *supra*, 32 Cal.App.5th at p. 891; see *id.* at pp. 894–895 [to the extent Proposition 64 created any ambiguity regarding possession of marijuana in prison, the fact that the official voter guide made no mention of the act impacting the prohibition on possession of marijuana in prison suggests the electorate did not intend to decriminalize it].)  On that basis, it concluded a defendant convicted of an offense pursuant to Penal Code section 4573.6, subdivision (a), for possession of marijuana in prison is not entitled to relief pursuant to section 11361.8.  (*Perry*, *supra*, 32 Cal.App.5th at pp. 896–897.)

The *Raybon* court rejected the reasoning of *Perry*, instead concluding the plain language of section 11362.45, subdivision (d), unambiguously only excluded from decriminalization " 'smoking[,] ingesting[,]' " and otherwise consuming marijuana in prison.  (*Raybon*, *supra*, 36 Cal.App.5th at p. 122, review granted.)  It explained the laws pertaining to smoking or ingesting cannabis, the language of section 11362.45, subdivision (d), is designed to "describe the vast array of means of *consumption*" or *use* of cannabis.  (*Raybon*, at p. 122, italics added.)  It does not suggest the "distinct activity" of *possessing* marijuana remains a criminal activity in a prison.  (*Id.* at p. 121.)  *Raybon* reasoned if the electors intended to prevent possession of cannabis in prison it would have expressly used the word "possession," as was done elsewhere in Proposition 64. (*Raybon*, at pp. 121–122, citing § 11362.3, subd. (a)(5).)  The *Raybon* court also considered and rejected the Attorney General's argument that its reading of the statute

4.

would amount to an absurdity.  (*Raybon, supra*, 36 Cal.App.5th at pp. 123-124, review granted.)  It explained that allowing prisons to punish possession of marijuana by prisoners through prison rule violations rather than criminally is not absurd.  (*Ibid.*)  The *Raybon* court therefore concluded that, while smoking, ingesting, or otherwise consuming marijuana in prison remained illegal, possession of marijuana in prison was decriminalized by Proposition 64.

Along with our colleagues in the Fourth and Sixth District Courts of Appeal, we find *Perry* the more persuasive opinion and conclude Proposition 64 did not decriminalize possession of marijuana in prison.  (*People v. Herrera* (2020) 52 Cal.App.5th 982, 994–995; *People v. Whalum* (2020) 50 Cal.App.5th 1, 6–15.)  On that basis, we determine the trial court properly denied appellant's motion to dismiss this charge or reduce it to a misdemeanor.

## **DISPOSITION**

The judgment is affirmed.